JUDGMENT ENTRY DENYING APPELLEE'S MOTION TO RECONSIDER AND STRIKE OPINIONLANGUAGE.
We deny the plaintiff-appellee State of Ohio's motion to reconsider and strike opinion language because there was nothing improper in our previous decision. The state now asks that we "redact the language directed against prosecutors in paragraphs 2, 13 [sic], 15, 16, 83, and 84 of it's [sic] opinion." It also argues that we should reconsider our call for an ethical review. Wethinks they doth protest too much.
None of the language from our opinion suggested that the prosecutors had, in fact, done anything improper. We merely stated that if the prosecutors did what the police officers in the case alleged, it would be a problem. We noted that we could find no response from the prosecutors in the record — because there wasn't one. And we expressed hope that there was an innocent explanation. We chose our words carefully because we realized that these were serious allegations.
The state has now provided us with the depositions (from a federal case) of the prosecutors involved in the original case. These were not in the record before us, and we technically cannot consider them at this juncture. In their deposition, the prosecutors denied knowledge of the witness's delinquency adjudication. Of course, the testimony of the police officers in the record of this appeal is to the contrary.
While we are relieved to see that the prosecutors have responded to these charges, we cannot say that their deposition testimony, even if we were allowed to consider matters outside the record, warrants striking any of the language from our opinion. The opinion was not a "gratuitous attack." It merely discussed the allegations in the context of the case — they were almost the total basis for Wogenstahl's appeal. And we felt that a call for an ethical review was necessary to ensure that these allegations would be examined by the proper authorities. We have a duty to do so under DR 1-103(A).
Though the dissent would turn a blind eye to problems, not rock any boats that might need it, and sweep matters under the proverbial rug, we will not.
We therefore deny the state's motion.
Sundermann, J., dissents.